IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMANTHA HIRT,                          )
        Petitioner,                    )          Civil Action No. 16-cv-24 Erie
                           )
        v.                             )
                           )          Magistrate Judge Susan Paradise Baxter
JOANNE TORMA, et al.,                    )
        Respondents.                   )

## OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner

Samantha Hirt pursuant to 28 U.S.C. § 2254. [ECF No. 4]. In the petition, she challenges a decision

made by the Pennsylvania Board of Probation and Parole (the "Board") on November 5, 2015, to deny

her parole. For the reasons set forth below, the petition is denied and a certificate of appealability is

denied.

## I.

### A.    Relevant Background

On July 29, 2009, Petitioner was sentenced to 12-30 years of incarceration after pleading guilty

but mentally ill to two counts of third degree murder. Her minimum sentence expiration date was

February 27, 2016, and her maximum sentence expiration date is February 27, 2034.

As she neared her minimum sentence date, Petitioner applied for parole. On November 5, 2015,

the Board issued the decision at issue in this habeas case. The Board informed her that:

[f]ollowing an interview with you and a review of your file, and having considered all
matters required pursuant to the Board of Probation and Parole, [the Board] in the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a
U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:

Reports, evaluations and assessments/level of risk indicates your risk to the community.

Your minimization/denial of the nature and circumstances of the offense(s) committed.

Your refusal to accept responsibility for the offense(s) committed.

Your lack of remorse for the offenses(s) committed.

Other factors deemed pertinent in determining that you should not be paroled: Inmate lacks insight into her offense and evaded questioning by Board to further that information.

(Resp's Ex. 4).

Petitioner challenges the Board's November 5, 2015, decision in this action, which is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Petitioner is in custody in violation of her federal constitutional rights. 28 U.S.C. § 2254(a). Petitioner claims that the Board violated the Due Process Clause and her rights under the Eighth Amendment.

Respondents have filed their answer. [ECF No. 13]. Petitioner did not file a reply. See Local Rule 2254(E)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Answer.").

**B.**     **Discussion**

**(1)**     **The Exhaustion Requirement**

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held in 2005 that aside from litigating an *ex post facto* claim, Pennsylvania

law does not provide a mechanism by which a prisoner can challenge a parole denial. See also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy."). Therefore, Petitioner may be exempt from the exhaustion requirement with respect to her claims. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to them. Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

### (2)     Petitioner's Due Process and Eighth Amendment Claims Have No Merit

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because there is "no constitutional or

3

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

To prevail on a substantive due process challenge to the Board's decision, Petitioner must establish that the decision shocks the conscience. See, e.g., Newman, 617 F.3d at 782. Evans v. Secretary, Pa. Dept. of Corrections, 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As Respondents point out, the Board's decision is a discretionary one in which it is required by statute to consider the following factors when evaluating an inmate for parole:

(1) The nature and circumstances of the offense committed.

(2) Any recommendations made by the trial judge and prosecuting attorney.

(3) The general character and background of the inmate.

(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

(7) The conduct of the person while in prison and [her] physical, mental and behavioral condition and history, [her] history of family violence and [her] complete criminal record.

61 Pa.C.S. § 6135.

As reflected in its November 5, 2015, decision, the Board denied Petitioner parole after an interview, a review of her file, and consideration of the matters set forth in 61 Pa.C.S. § 6135. It determined that she presented an unacceptable level of risk to the community, she minimized or denied the nature and circumstances of her crimes, she refused to accept responsibility for her crimes and lacked insight into them, and she lacked remorse. Although Petitioner disagrees with the Board's assessment of her, she has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that she is in custody in violation of her substantive due process rights.

Petitioner's Eighth Amendment claim also has no merit. She has no right to be released before the expiration of her valid prison sentence on February 27, 2034, Greenholtz, 442 U.S. at 7, and the Board's decision to deny her release to parole does not constitute cruel and unusual punishment. See Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment).

**<u>C.</u>**      **<u>Certificate of Appealability</u>**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a

certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial

showing of the denial of a constitutional right." Where the district court has rejected a constitutional

claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of

Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.


**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a

certificate of appealability is denied. An appropriate Order follows.


                                        <u>/s/ Susan Paradise Baxter</u>
Dated: June 14, 2016                    SUSAN PARADISE BAXTER
                                        United States Magistrate Judge